Revised 03/06 WDNY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

*FILED*

*SEP 12 2019*

*MARY C. LOEWENGUTH, CLERK*
*WESTERN DISTRICT OF NY*

**FORM TO BE USED IN FILING A COMPLAINT**
**UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**
(Prisoner Complaint Form)

All material filed in this Court is now available via the **INTERNET.** See **Pro Se Privacy Notice** for further information.

### 1. CAPTION OF ACTION

**19 CV 6679 DGL**

**A.**    **Full Name And Prisoner Number of Plaintiff:  NOTE:**  *If more than one plaintiff files this action and seeks in forma pauperis status, each plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

1. ___JASON BAXTER  10A3096___

2. _____

-VS-

**B.**    **Full Name(s) of Defendant(s)  NOTE:**  *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant. If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1. ___B. McNELIS___            4. _____

2. ___J. GARRET___             5. _____

3. _____            6. _____

### 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

### 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION  NOTE:**  *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff:_____

Present Place of Confinement & Address:_____

_____

_____

Name and Prisoner Number of Plaintiff:_____

Present Place of Confinement & Address:_____

_____

_____

DEFENDANT'S INFORMATION NOTE: *To provide information about more defendants than there is room for here, use this format on another sheet of paper.*

Name of Defendant: __R. McNELIS__

(If applicable) Official Position of Defendant: __3ᴿᴰ DEPARTMENT APPELLATE LAW CLERK__

(If applicable) Defendant is Sued in __X__ Individual and/or _____ Official Capacity

Address of Defendant: __SUPREME COURT, APPELLATE DIVISION THIRD JUDICIAL DEPARTMENT, P.O. BOX-7288, CAPITOL STATION, ALBANY NY 12224-0288__

Name of Defendant: __JEVON L. GARRETT__

(If applicable) Official Position of Defendant: __3ᴿᴰ DEPARTMENT PRINCIPAL ATTORNEY__

(If applicable) Defendant is Sued in __X__ Individual and/or _____ Official Capacity

Address of Defendant: __SUPREME COURT, APPELLATE DIVISION THIRD JUDICIAL DEPARTMENT P.O. BOX-7288, CAPITOL STATION, ALBANY NY 12224-0288__

Name of Defendant: _____

(If applicable) Official Position of Defendant: _____

(If applicable) Defendant is Sued in _____ Individual and/or _____ Official Capacity

Address of Defendant: _____

## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A.    Have you begun any other lawsuits in state or federal court dealing with the same facts involved in this action?
Yes_____ No **X**

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1.    Name(s) of the parties to this other lawsuit:

Plaintiff(s): _____

Defendant(s): _____

2.    Court (if federal court, name the district; if state court, name the county): _____

3.    Docket or Index Number: _____

4.    Name of Judge to whom case was assigned: _____

5. The approximate date the action was filed: _____

6. What was the disposition of the case?

    Is it still pending? Yes____ No____

        If not, give the approximate date it was resolved._____

    Disposition (check the statements which apply):

    ____ Dismissed (check the box which indicates why it was dismissed):

        ____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

        ____ By court for failure to exhaust administrative remedies;

        ____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

        ____ By court due to your voluntary withdrawal of claim;

    ____ Judgment upon motion or after trial entered for

        ____ plaintiff

        ____ defendant.

B. Have you begun **any other lawsuits** in **federal court** which **relate to your imprisonment**?

    Yes **X**    No____

If Yes, complete the next section. NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment, use this same format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

    Plaintiff(s): JASON BAXTER

    Defendant(s): HAROLD D. GRAHAM / NASSAU COUNTY / N.Y.S. DOCCS

2. District Court: EDNY - 100 FEDERAL PLAZA CENTRAL ISLIP, NY 11722

3. Docket Number: 15-CV-3197

4. Name of District or Magistrate Judge to whom case was assigned: HON. JOSEPH F. BIANCO

5. The approximate date the action was filed: _____

6. What was the disposition of the case?

    Is it still pending? Yes **X** No____

        If not, give the approximate date it was resolved._____

Disposition (check the statements which apply):

____ Disposition (check the box which indicates why it was dismissed):

____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

____ By court for failure to exhaust administrative remedies;

____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

____ By court due to your voluntary withdrawal of claim;

____ Judgment upon motion or after trial entered for

____ plaintiff

____ defendant.

---

## 5. STATEMENT OF CLAIM

For your information, the following is a list of some of the most frequently raised grounds for relief in proceedings under 42 U.S.C. § 1983. (This list does not include all possible claims.)

| | | |
|---|---|---|
| • Religion | ⊙Access to the Courts | • Search & Seizure |
| • Free Speech | • False Arrest | • Malicious Prosecution |
| • Due Process | • Excessive Force | • Denial of Medical Treatment |
| ⊙Equal Protection | • Failure to Protect | • Right to Counsel |

**Please note that** it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, tell the story of what happened to you but do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). **Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

---

### Exhaustion of Administrative Remedies

Note that according to **42 U.S.C. § 1997e(a)**, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prison er confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

You must provide information about the extent of your efforts to grieve, appeal, or otherwise exhaust your administrative remedies, and you must attach copies of any decisions or other documents which indicate that you have exhausted your remedies for each claim you assert in this action.

A. FIRST CLAIM: On (date of the incident) AUGUST- 5-2019 - AUGUST 8-2019

defendant (give the **name and position held** of **each defendant** involved in this incident) R. MCNELIS
3RD JUDICIAL DEPARTMENT APPELLATE LAW CLERK

did the following to me (briefly state what each defendant named above did): DENIED PLNTF. BAXTER ACCESS TO THE COURT, AFTER BAXTER TIMELY TOOK HIS APPEAL AND SUBMITTED THE RIGHT AMOUNT OF COPY'S OF APPELLATE BRIEF, TIMELY SERVED ON ATTY. GEN. AND 3RD DEPARTMENT, DFDNT. MCNELIS THEN EXPRESS CONFUSION ABOUT THE BRIEF, PLNTF. BAXTER RESPONSED WITH A LETTER TO "CLEARIFY" THIS ALLEGE CONFUSION, DFDNT. MCNELIS THEN RETURNED ALL (6) SIX COPY'S OF THE BRIEF, WITH AN PRETEXTUAL REASONS OF COVER PAGE NOT HAVING INDEX OR A.D. # NUMBER(S) ON IT HOWEVER, SUCH A THING IS NOT REQUIRED, DFDNT. MCNELIS HAS INTENTIONALLY-KNOWINGLY MALICIOUSLY-PRESSDICIALLY-DISCRIMINATELY DENIED BAXTER ACCESS TO THE COURT

The constitutional basis for this claim under 42 U.S.C. § 1983 is: 1ST AMEND ACCESS TO THE COURT 14TH EQUAL PROTECTION OF LAW AND DISCRIMINATION

The relief I am seeking for this claim is (briefly state the relief sought): DAMAGE(S) AS WELL AS TO HAVE ALL BRIEFS SUBMITTED AND DEEM TIMELY SUBMITTED AND INCAMERA REVIEW OF HEARING TAPE WHEN REQUESTED AND TAPE ANALIS/DIONOSTIC OF THE INTENTIONAL DELETELING OF HEARING TAPE

### Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim? __X__ Yes ____ No  If yes, what was the result? SEE ATTACH

Did you appeal that decision? ____ Yes __X__ No  If yes, what was the result? _____

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: CANNOT NOT DOCCS EMPLOYEE'S OR EMPLOYER'S

A. SECOND CLAIM: On (date of the incident) AUGUST- 30-2019

defendant (give the **name and position held** of **each defendant** involved in this incident) SEVON L. GARRETT
3RD JUDICIAL DEPARTMENT PRINCIPAL ATTORNEY

did the following to me (briefly state what each defendant named above did): DENIED PLNTF. BAXTER ACCESS TO THE COURT(S) BY NOT PROCESSING BAXTER APPEAL AND THE AIDING + ABETTING CO-WORKER DFDNT. MCNELIS, BY RESPONSING WITH LAW(S) NOT APPLICABLE TO THE APPELLATE PROCESS AND BECAUSE DFDNT. GARRETT IS PREJUDICE AGAINST PRO-SE PRISONER LITIGANT(S) AND DID NOT LIKE THE NOTICE SUBMITTED BY PLNTF. BAXTER IN CONNECTION TO INDEX NO. 2018-2261 AND TOLD BAXTER HE DFDNT. GARRETT WAS NOT GOING TO PROCESS BAXTER TIMELY SUBMITTED APPEAL, THEN HIS LETTER 8-30-2019, DFDNT. GARRETT PRETENDING NOT TO HAVE RECEIVED THE APPEAL, THUS DENNING BAXTER ACCESS TO THE COURT.

The constitutional basis for this claim under 42 U.S.C. § 1983 is: 1st AMEND. ACCESS TO THE COURT (DENIED)
14th AMEND. EQUAL PROTECTION OF LAW AND DISCRIMINATION

The relief I am seeking for this claim is (briefly state the relief sought): DAMAGE'S AS WELL AS

---

#### Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim? __X__ Yes _____ No   If yes, what was the result? _____

Did you appeal that decision? _____ Yes _____ No   If yes, what was the result? _____

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: ___CANNOT____ NOT__ DOCCS EMPLOYER/EMPLOYEE'S

**If you have additional claims, use the above format and set them out on additional sheets of paper.**

---

#### 6. RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

DAMAGES, AS WELL AS ALL BAXTER BRIEF TO BE CONSIDERED TIMELY SUBMITTED ALL COPYING AND SERVICE(S) REQUIRED BE DONE BY DFDNT(S). AND INCAMERA REVIEW OF THE "HEARING TAPE" / DIONOSTIC /ANALYSIS OF THE INTENTIONAL DELETEING OF HEARING TAPE(S) VIOLATING 14th AMEND.

Do you want a jury trial? Yes **X** No____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ *9- 9- 19* _____
                      (date)

NOTE: *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

_____

_____

Signature(s) of Plaintiff(s)

7

To: Grievance                    Jason Baxter              Southport
(1) Dated: August-25-2019         ID A 3096                D-A-4

Violation: 1st Amend. U.S. Const. Access To Court Denied
                  Aiding + Abedding Malic. Proscut.

The following Dfdnt. Did Denied Baxter, J (10A3096) Access To
The Court's: (1) R. McNelis
             (2) Robert Mausberger
             (3) Erica P. Little

On August-15-2019 The First Named Dfdnt. R. McNelis
Did Send Back (6) Six Whole Copies Of Baxter, J Pro-se
Brief, "Alleging Confusion" However On August-8-2019 Baxter Sent
A "Letter Clearly Detailing To Avoid Any Confusion"

However, This R. McNelis Has Never Expressed Confusion About
Index # 2018-2261 And This Appeal Was Submitted, Way before
Index # 2019-1133, And Even After A Clearification Letter Still
Made No Reference Of Confusion About Submitted Brief's, Maybe
Pertaining To # 2018-2261, However This Rejection Has Denied
Baxter Access To The Court's  3rd Department / Court of Appeals

Baxter, Jason          DIN.      10-A-3096      Cell:      D-0A-04

FORM 2131 (Reverse) (Rev. (6/06):                                     **Grievance No.**

**Response of IGRC:**                                                  **SPT-68001-19**

Grievance is Dismissed & Closed Per Directive #4040, 701.5 Procedure. Section (b)(4), Dismissals, (d), the grievant is seeking action with respect to any policy, regulation, rule or action of an agency not under the supervision of the D.O.C.C.S. Hearing held in absentia.

SENT

SEP 05 2019

SOUTHPORT GRIEVANCE

Date of hearing: _____

IGRC Members

SERGEANT

CHAIRPERSON _____

CORRECTIONS OFFICER

**Return within 7 calendar days and check appropriate box.** *

☐ I disagree with IGRC response and wish to appeal to the Superintendent

☐ I agree with IGRC response and wish to appeal to the Superintendent

☐ I have reviewed deadlocked responses

☐ Pass-Thru to Superintendent

☐ I apply to the IGP Supervisor for review of dismissal.

Signed: _____

Grievant                                Date

Grievance Clerk's Receipt               Date

*To be completed by Grievance Clerk*

Grievance Appealed to the Superintendent: _____

Date:

Grievance forwarded to the Superintendent for action: _____

Date:

* An exception to the time limit may be requested under Directive # 4040, section 701.5 (g).

UNITED STATES DISTRICT COURT

WESTERN NEW YORK DISTRICT

JASON BAXTER    PLANTIFF                                    VERIFICATION

V.

R. McNELIS, J. L. GARRETT

PRO-SE PLANTIFF JASON BAXTER. DEPOSES AND STATES: THAT

ON 9 DAYS OF September 20 19 PLANTIFF SUBMITTED AN

COMPLAINT TO THE UNITED STATES DISTRICT COURT. AND

HEREBY VERIFY'S COMPLAINT, THE MATTER'S IN THE

COMPLAINT ARE JUST AND TRUE AND ACCURATE ACCOUNT

OF THE SUBJECT MATTER'S 1ST 14TH AMENDMENT

VIOLATION'S: THERE FOR UNDER THE PENALTIS OF

PERJURY THE FOREGOING IS TRUE AND CORRECT

COMPLAINT.

EXCUTED AT PINECITY. NEW YORK 9-9-19

JASON BAXTER
Jason Baxter
ID A 3096
VERIFIED

EXHIBIT

A



*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*
*P.O. Box 7288, Capitol Station*
*Albany, NY 12224-0288*

Robert D. Mayberger
Clerk of the Court

(518) 471-4777
fax (518) 471-4750
http://www.nycourts.gov/ad3

Erica Putnam Little
Managing Attorney

August 15, 2019

Jason Baxter #10-A-3096
Southport Correctional Facility
P.O. Box 2000
Pine City, NY  14871-2000

Re:    #528878 - Matter of Baxter v Annucci (Index No. 2018-2162)
       #529546 - Matter of Baxter v Annucci (Index No. 2019-1133)

Dear Sir:

        Please find enclosed are all copies of petitioner's brief with appendix received in
this office on August 5, 2019.

        It is unclear from your letter dated August 8, 2019, copy enclosed, which
proceeding these briefs are associated with.  Please review each order attached and
handwrite on each brief the proper Index Number from Chemung County Supreme Court.

        If your brief is associated with docket number 528878, please keep in mind that
your six months will expire on September 3, 2019.  If your brief is associated with docket
number 529546, your six months will expire on December 27, 2019.

                                          Very truly yours,

                                          R. McNelis
                                          Appellate Court Clerk

Enc.
cc:    Office of the Attorney General

To: Appellate Court Clerk, R. McNelis
Dated: 8-8-19

Good Day, My Name Is Jason Baxter, And This Is In Response To Your Notice.

I The Petitioner-Appellant Baxter, Has Only Submitted (2) Two Pro-se Appellate Brief's In Your Court, Which Pertain To
1) 2018-2023/Dk# 528883/OAG No.# 18-026243, And Has Been Extended Until Sept-20-2019 For Review, Per Attorney General
2) 2018-2162 / DK# 528878, Which Was Submitted To Your Court By The Rameau Law Firm.

Please Take Further Notice, Petitioner-Appellant Has Taken Two Additional Appeal's Pertaining To The Following: 2018-2261 (Brief To Be Submitted) ⟵ ***
                      2019-1133 (Brief To Be Submitted) ⟵ ***

All Necessary Parties Was Timely Served/Notice of Appeal
   (1) Appellate Court
   (2) Supreme Court
   (3) Attorney General
   (4) County Attorney

RECEIVED
3RD DEPT.
APP. DIV.
2019 AUG 12 AM 10:14

EXHIBIT

B

No:
To: Erica P. Little
Dated: Aug-19-2019

Jason Baxter
ID A3096
Southport Corr. Fac.
Pinecity NY 14871

Good Day, My Name Is Jason Baxter, My Reason(s) for Writing Are As Follow's:

(1) Your Clerk R. McNelis, Has Knowingly And Maliciously Denied Baxter, J Access To The Court(s). In Voilation Of U.S. Constitution (1st) First Amend. 14TH Amend.

(2) His Adverse Action Is Unknown To Baxter, Except Baxter Protected Conduct Redress of Grievance To The Court, Then This Clerk Go Do To Say Baxter Deadline Is Sept-3-2019, When Its Oct-9-2019

(3) Why Did This Clerk R. McNelis, Send Back All (6) Six Copy's of Baxter Pro-Se Brief? When The Letter Submitted To R. McNelis "Clearly State's" What Brief And Index # It Pertains To "Clearly!!" This Clerk Is "Clearly Presudice" Against Baxter And That's Both Black-Law + Webster Definition of The Word

Is This The Management Sanction By Ms. Little And The 3RD Department?

Why Did Your Clerk Send Back All Six (6) Brief's With This Crappy Reason?

Mr. Baxter, Is Indigent And Cannot Re-Mail All (6) Six Copy's Back To Your Office (See Enclosed Monthly Statement)

PRO-SE

Jason Baxter

To: Robert D. Maxberger
Dated: August-19-2019

Jason Baxter
10 A 3096
Southport Corr. Fac.
Pinecity NY 14871

Good Day My Name Is Jason Baxter, My Reason(s) For Writing Are As follow's:

1) Your Clerk R. McNelis, Has Knowingly And Maliciously Denied Baxter, J Access To The Court(s), In Voilation of U.S. Constitution (1st) First Amend). 14th Amend.

2) His Reason for His Adverse Action Is Unknown To Baxter, Except Baxter Protected Conduct: Redress of Grievance To The Court, Then This Clerk Goes on To Say baxter Dead-Line Is Sept-3-2019

3) Why Did Clerk R. McNelis Send Back ALL (6) Six Copy's of Baxter Pro-Se Brief? When The Letter Submitted To R. McNelis "Clearly State's" What Brief's And Index # It Pertain's To
"Clearly"

This Clerk Is "Cleary" Prejudice" Against Baxter And That's Both Black-Law + Webster Definition Of The Word.

Is This The Conduct Sanction By The Justices?
(Of The 3RD Department)

Why Did Your Clerk Send Back All Six(6) Brief's With
This Crappy Reason?

Mr. Baxter Is Indigent And Cannot "Re-Mail" All
(6) Six Copy's Back To Your Office (See Enclosed Monthly
Statement)


Pro-Se
Litigant

Jason
Baxter



*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*
*Motion Department*
*P.O. Box 7288, Capitol Station*
*Albany, NY 12224-0288*

*Robert D. Mayberger*
*Clerk of the Court*

(518) 471-4777
fax (518) 471-4747
*http://www.nycourts.gov/ad3*

*Amy P. Conway*
*Chief Motion Attorney*

August 30, 2019

Jason Baxter, #10-A-3096
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871-2000

RE:  528878 - MATTER OF BAXTER v ANNUCCI, et al. (Index No. 2018-2162)
      528883 - MATTER OF BAXTER v PICCOLO, et al. (Index No. 2018-2023)

Dear Mr. Baxter:

      This will acknowledge receipt of your letter dated August 19, 2019, which was referred to me for a response. Pursuant to rule 1250.6 (e) of the Practice Rules of the Appellate Division, the cover of all records, briefs and appendices shall display the appellate division docket number assigned to the case, a copy of rule 1250.6 is enclosed. The cover of your briefs did not contain the docket number. After reviewing the briefs, Ms. McNelis could not discern which brief was associated with which docket number.

      Accordingly, to submit your briefs and to comply with rule 1250.6 so that your briefs may be properly directed and distributed, you need to affix the Appellate Division docket number on your submissions. As your brief in 528878 is to be submitted by September 3, 2019, you need to request an extension of time to file the brief. In addition, if you do not think you can affix the docket numbers and file your brief in case number 528883 by September 20, 2019, you need to request an extension in that matter, as well.

      Additionally, you indicate that you will be filing a brief for Chemung County Supreme Court Index No. 2018-2261. To date, we have not received a copy of a timely filed and served notice of appeal in that matter. In order to proceed with this appeal, you will need to provide us with the notice of appeal along with proof of service on all parties and proof of filing in the Court in which the proceeding was commenced.

"THAT'S A LIE!"

It does not appear that you sent a copy of your letter to the Office of the Attorney General. When you write to this Court, please provide the Office of the Attorney General with a copy of that correspondence and any attachments. Failure to do so may result in your correspondence being returned without submission to the Court. As it does not appear that you provided the Office of the Attorney General with a copy of this letter, as a courtesy, one is being provided herewith.

Thank you.

Very truly yours,

Jevon L. Garrett
Principal Attorney

JLG:jmf
Enclosure
cc:     Office of the Attorney General (w/enclosure)

(2) appeals under the Election Law;

(3) appeals under the Human Rights Law (Executive Law § 298);

(4) proceedings transferred to the court pursuant to CPLR 7804 (g)

(5) appeals where the sole issue is compensation of a judicial appointee;

(6) appeals under Correction Law §§ 168-d (3) and 168-n (3);

(7) appeals of criminal causes;

(8) appeals from the Appellate Term, where the matter was perfected on an original record at the Appellate Term;

(9) other causes where an original record is authorized by statute; and

(10) causes where permission to proceed upon the original record has been authorized by the court.

*BAXTER'S BRIEF IS NOT AN REPRODUCTION*

 **1250.6  Reproduction of Records, Appendices and Briefs** *TRY'N TO JUSTIFY THE DENIAL OF ACCESS TO THE COURT(S)*

(a) Compliance with the CPLR.  Briefs, appendices and reproduced full records *THIS LAW* shall comply with the requirements of CPLR 5528 and 5529, and reproduced full *SECTION DOES* records shall, in addition, comply with the requirements of CPLR 5526. *NOT APPLY TO THESE APPEAL PROCEDURE(S)*

(b) Method of Reproduction.  Briefs, records and appendices shall be reproduced by any method that produces a permanent, legible, black image on white paper or its digital equivalent.  Use of recycled paper and reproduction on both sides of the paper is encouraged for hard copy filings and submissions.

(c) Paper Quality, Size and Binding.  Paper shall be of a quality approved by the chief administrator of the courts and shall be opaque, unglazed, white in color and measure 11 inches along the bound edge by 8½ inches.  Records, appendices and briefs shall be bound on the left side in a manner that shall keep all the pages securely together; however, binding by use of any metal fastener or similar hard material that protrudes or presents a bulky surface or sharp edge is prohibited. Records and appendices shall be divided into volumes not to exceed two inches in thickness.

(d) Designation of Parties.  The parties to all appeals shall be designated in the record and briefs by adding the word "Appellant," "Respondent," etc., as the case may be, following the party's name, e.g., "Plaintiff-Respondent," "Defendant-Appellant," "Petitioner-Appellant," "Respondent-Respondent," etc.  Parties who have not appealed and against whom the appeal has not been taken shall be listed separately and designated as they were in the trial court, e.g., "Plaintiff," "Defendant," "Petitioner," "Respondent." In appeals from the Surrogate's Court or

15

from judgments on trust accountings, the caption shall contain the title used in the trial court including the name of the decedent or grantor, followed by a listing of all parties to the appeal, properly designated. In causes originating in the Appellate Division, the parties shall be designated "Petitioner" and "Respondent" or "Plaintiff" and "Defendant."

(e) Docket Number. The cover of all records, briefs and appendices shall display the appellate division docket number assigned to the cause, or such other identifying number as the court shall direct, in the upper right-hand portion opposite the title.


## 1250.7   Form and Content of Records and Appendices; Exhibits

(a) Format. Records and appendices shall be consecutively paginated and shall include accurate reproductions of the submissions made to the court of original instance, formatted in accordance with the practice in that court. Reproductions may be slightly reduced in size to fit the page and to accommodate the page headings required by CPLR 5529 (c), provided, however, that such reduction does not significantly impair readability.

(b) Reproduced Full Record. The reproduced full record shall be bound separately from the brief, shall include the items set forth in CPLR 5526, and shall include in the following order so much of the following items as shall be applicable to the particular cause:

> (1) A cover which shall contain the title of the cause on the upper portion, and, on the lower portion, the names, addresses, telephone numbers and email addresses of the attorneys, the county clerk's index or file number, the docket or other identifying number or numbers used in the court from which the appeal is taken, and the superior court information or indictment number;

> (2) The statement required by CPLR 5531;

> (3) A table of contents which shall list and briefly describe each document included in the record. The part of the table relating to the transcript of testimony shall separately list each witness and the page at which direct, cross, redirect and re-cross examinations begin. The part of the table relating to exhibits shall concisely indicate the nature or contents of each

EXHIBIT

C



*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*
*P.O. Box 7288, Capitol Station*
*Albany, NY 12224-0288*

*Robert D. Mayberger*
*Clerk of the Court*

*(518) 471-4777*
*fax (518) 471-4750*
*http://www.nycourts.gov/ad3*

*Erica Putnam Little*
*Managing Attorney*

# M E M O R A N D U M

TO:     Appellant

FROM:   Clerk, Appellate Division, Third Department

RE:     Brief on Appeal

The county clerk's file, which this office will request upon receipt of your brief, will be used in this Court as the record.

In order for the proceeding to be placed on the Court's calendar, you must now file one original and five copies of a computer-generated (14,000-word maximum), typewritten (50-page maximum) or neatly prepared, handwritten brief in black or blue ink (50-page maximum).* (Rules 1250.9(a)(2), 1250.8(f), (g) and (i) of the Rules of ← ***
Practice.) Your brief should contain a table of contents, table of cases, statement of the issues presented by the appeal, a statement of the relevant facts, your arguments and citations. (Rule 1250.8(a) of the Rules of Practice). You also must file six copies of an Appendix, a volume that should be consecutively numbered and should only contain the portions of the County Clerk File that support your arguments in your brief.

You must also mail one copy of your brief to the Attorney General at the following address: Department of Law, The Capitol, Albany, New York 12224, and provide this office with an affidavit or other proof establishing that service has been made.

→ ***  Please consult rule 850.9 of the Appellate Division, Third Judicial Department and rules 1250.8, 1250.9 and 1250.10 of the Practice Rules of the Appellate Division.

Please be advised that the rules of the Court changed as of September 17, 2018.

---

*If illegible, handwritten briefs may be rejected for filing by the clerk. (Rule 1250.8(i)(2).

**850.7  Form and Content of Records and Appendices; Exhibits**

(a) Exhibits.  Exhibits under a respondent's control or under the control of a third person shall be filed either pursuant to a five-day written demand served by the appellant upon a respondent or pursuant to a subpoena duces tecum issued in accordance with CPLR article 23.  The appellant shall also file with the brief proof of service of such a demand or subpoena together with a list of all relevant exhibits.

(b) Certification of Record

> (1) Reproduced Full Record.  A reproduced full record shall be certified as provided in section 1250.7 (g) of the Practice Rules of the Appellate Division. Any dispute concerning the certification of the record or the contents of a record so certified shall be directed to the court from which the appeal is taken.

> (2) Single Copy of the Record.  When the appendix method is used, in addition to the requirements of section 1250.9 (a) (2) of the Practice Rules of the Appellate Division, the appellant is directed to file with the clerk of this court, with proof of service of a copy upon each party to the appeal, one hard copy of the complete record, accompanied by: (1) a stipulation in lieu of certification pursuant to CPLR 5532; (2) a certificate of the appellant's or petitioner's attorney, pursuant to CPLR 2105, after giving each other party 20 days' notice and not having received any objections or proposed amendments to the record, together with an attorney affirmation certifying compliance with the requirements of this section; or (3) if the record is incapable of being certified by either of those methods, an order settling the record by the court from which the appeal is taken.

**850.8 [Reserved]**

**850.9  Time, Number and Manner of Filing of Records, Appendices and Briefs**

(a) Appellant's Filing.  An appellant employing the appendix method pursuant to section 1250.9 (a) (2) of the Practice Rules of the Appellate Division shall, in addition to the digital copy required by section 1250.9 (a) (2) (ii), file with the Court a hard copy of the complete record.

(b) Digital Submissions.

(1) Any document required to be digitally filed pursuant to section 1250.9 of
the Practice Rules of the Appellate Division shall comply with the technical
specifications for electronically filed documents set forth in Attachment A to
the Electronic Filing Rules of the Appellate Division (22 NYCRR 1245) and
shall be uploaded in a manner provided on this Court's website located at
www.nycourts.gov/ad3.

(2) Documents filed electronically through NYSCEF shall satisfy the digital
filing requirements of section 1250.9 of the Practice Rules of the Appellate
Division.

(3) Where a litigant or an attorney is exempt from the digital filing
requirement pursuant to section 1250.9 (e) of the Practice Rules of the
Appellate Division, such litigant or attorney shall be required to file an
additional unbound hard copy of any document filed pursuant to sections
1250.9 (a), (c) or (d).

(c) Extension of time to perfect appeal. Where a motion for an extension of time to
perfect an appeal or proceeding is required by section 1250.9 (b) of the Practice
Rules of the Appellate Division, such motion shall be supported by an affidavit
setting forth a reasonable excuse for the delay and an intent to perfect the appeal or
proceeding within a reasonable time.

(d) Extensions of time to file and serve responsive briefs. Where a motion for an
extension of time to file and serve a responsive brief is required by section 1250.9
(g) (1) of the Practice Rules of the Appellate Division, or is permitted by 1250.9 (g)
(2) of the Practice Rules of the Appellate Division, such motion shall be supported
by an affidavit setting forth a reasonable excuse for the delay and an intent to file
and serve the brief within a reasonable time.

pursuant to this rule for good cause shown, and shall include with the motion a copy of the proposed record or appendix.

## 1250.8  Form and Content of Briefs

(a) Cover.  The cover shall set forth the title of the action or proceeding.  The upper right-hand section shall contain a notation stating: whether the cause is to be argued or submitted; if it is to be argued, the time actually required for the argument; and the name of the attorney who will argue.  The lower right-hand section shall contain the name, address, telephone number and email address of the attorney filing the brief and shall indicate whom the attorney represents.

(b) Appellant's Brief.  The appellant's brief shall include, in the following order:

    (1) a table of contents, which shall include (i) a list of point headings and (ii) the contents of the appendix, if it is not bound separately, with references to the initial page of each document included and of the direct, cross and redirect examination of each witness;

    (2) a table of cases (alphabetically arranged), statutes and other authorities, indicating the pages of the brief where they are cited;

    (3) a concise statement, not exceeding two pages, of the questions involved, set forth separately and followed immediately by the answer, if any, of the court from which the appeal is taken;

    (4) a concise statement of the nature of the case and of the facts which should be known to determine the questions involved, with appropriate citations to the reproduced record, appendix, original record or agreed statement in lieu of record;

    (5) the argument for the appellant, which shall be divided into points by appropriate headings distinctively printed;

    (6) a statement certifying compliance with printing requirements under this Part, on a form approved by the court, as set forth in subdivision (j);

    (7) in the First and Second Judicial Departments, the appellant's brief shall include as an addendum the statement required by CPLR 5531;

(8) in the First and Second Judicial Departments, in any civil cause permitted to be heard on the original record, the appellant's brief shall include:

> (i) a copy of the order or judgment appealed from and the decision, if any;

> (ii) a copy of the opinion and findings, if any, of a hearing officer and the determination and decision of any administrative department, board or agency; and

> (iii) a copy of the notice of appeal or order transferring the proceeding to this court.

(c) Respondent's Brief. The respondent's brief shall conform to the requirements of subdivision (b), except that a counterstatement of the questions involved or a counterstatement of the nature and facts of the case shall be included only if the respondent disagrees with the statement of the appellant.

(d) Reply Brief. Any reply brief of the appellant or cross appellant shall conform to the requirements of subdivision (b), without repetition. An appellant's reply in a cross appeal shall include the points of argument in response to the cross appeal.

(e) Sur-reply Brief. Absent leave of the court, sur-reply briefs shall not be permitted.

(f) Computer-generated briefs.

> (1) Briefs prepared on a computer shall be printed in either a serifed, proportionally spaced typeface such as Times Roman, or a serifed, monospaced typeface such as Courier. Narrow or condensed typefaces and/or condensed font spacing may not be used. Except in headings and in quotations of language that appears in such type in the original source, words may not be in bold type or type consisting of all capital letters.

> > (i) Briefs set in a proportionally spaced typeface. The body of a brief utilizing a proportionally spaced typeface shall be printed in 14-point type, but footnotes may be printed in type of no less than 12 points.

20

(ii) Briefs set in a monospaced typeface. The body of a brief utilizing a monospaced typeface shall be printed in 12-point type containing no more than 10½ characters per inch, but footnotes may be printed in type of no less than 10 points.

(2) Computer-generated appellants' and respondents' briefs shall not exceed 14,000 words, and reply and amicus curiae briefs shall not exceed 7,000 words, inclusive of point headings and footnotes and exclusive of signature blocks and pages including the table of contents, table of citations, proof of service, certificate of compliance, or any addendum authorized pursuant to subdivision (k).

(g) Typewritten briefs.

(1) Typewritten briefs shall be neatly prepared in clear type of no less than elite in size and in a pitch of no more than 12 characters per inch. The original of the brief shall be signed and filed as one of the number of copies required by section 1250.9 of this Part.

(2) Typewritten appellants' and respondents' briefs shall not exceed 50 pages and reply briefs and amicus curiae briefs shall not exceed 25 pages, exclusive of pages containing the table of contents, table of citations, proof of service, certificate of compliance, or any addendum authorized pursuant to subdivision (k).

(h) Margins, line spacing and page numbering of computer-generated and typewritten briefs. Computer-generated and typewritten briefs shall have margins of one inch on all sides of the page. Text shall be double-spaced, but quotations more than two lines long may be indented and single-spaced. Headings and footnotes may be single-spaced. Pages shall be numbered consecutively.

(i) Handwritten briefs.

(1) Self-represented litigants and persons filing pro se supplemental briefs may serve and file handwritten briefs. Such briefs shall be neatly prepared in cursive script or hand printing in black or blue ink.

(2) Handwritten appellants' and respondents' briefs shall not exceed 50 pages and reply briefs and amicus curiae briefs shall not exceed 25 pages, exclusive of pages containing the table of contents, table of citations, proof

of service, certificate of compliance or any addendum authorized pursuant to subdivision (k).  Pages shall be numbered consecutively.  The submission of handwritten briefs is not encouraged.  If illegible, handwritten briefs may be rejected for filing by the clerk.

(j) Printing Specifications Statement.  Every brief, except those that are handwritten, shall have at the end thereof a printing specifications statement, stating that the brief was prepared either on a typewriter, a computer or by some other specified means.  If the brief was typewritten, the statement shall further specify the size and pitch of the type and the line spacing used.  If the brief was prepared on a computer, the statement shall further specify the name of the typeface, point size, line spacing and word count.  A party preparing the statement may rely on the word count of the processing system used to prepare the brief.  The signing of the brief in accordance with section 130-1.1-a (a) of this Title shall also be deemed the signer's representation of the accuracy of the statement.

(k) Briefs may include addenda that are composed exclusively of decisions, statutes, ordinances, rules, regulations, local laws, or other similar matter cited therein that were not published or that are not otherwise readily available.

## 1250.9   Time, Number and Manner of Filing of Records, Appendices and Briefs

(a) Appellant's Filing.  Except where the court has directed that an appeal be perfected by a particular time, an appellant shall file with the clerk within six months of the date of the notice of appeal or order granting leave to appeal:

(1) if employing the reproduced full record method, an original and five hard copies of a reproduced full record, an original and five hard copies of appellant's brief, and one digital copy of the record and brief, with proof of service of one hard copy of the record and brief upon each other party to the appeal; or

(2) if employing the appendix method, an original, five hard copies and one digital copy of appellant's brief and appendix, with proof of service of one hard copy of the brief and appendix upon each other party to the appeal, and either:

22

(i) in the First and Second Judicial Departments, proof of service of a subpoena upon the clerk of the court of original instance requiring all documents constituting the record on appeal to be filed with the clerk of the Appellate Division, or

(ii) in the Third and Fourth Judicial Departments, a digital copy of the complete record.

(3) if employing the agreed statement in lieu of record method, an original and five hard copies of the agreed statement in lieu of record as provided in CPLR 5527, an original and five hard copies of appellant's brief, and one digital copy of the agreed statement and the brief, with proof of service of one hard copy of the agreed statement and brief upon each other party to the appeal; or

(4) if perfecting on the original record, an original and five hard copies and one digital copy of appellant's brief, with proof of service of one hard copy of the brief upon each other party to the appeal and either:

(i) in the First and Second Judicial Departments, proof of service of a subpoena upon the clerk of the court of original instance requiring all documents constituting the record on appeal to be filed with the clerk of the Appellate Division, or

(ii) in the Fourth Judicial Department, a hard copy of the complete record.

(5) In the First and Second Judicial Departments, where a subpoena is required to be served upon the clerk of the court of original instance pursuant to sections 1250.9(a)(2)(i) and 1250.9(a)(4)(i) of this Part, the clerk from whom the papers are subpoenaed shall compile the original papers constituting the record on appeal and cause them to be transmitted to the clerk of the court, together with a certificate listing the papers constituting the record on appeal and stating whether all such papers are included in the papers transmitted.

(b) Extension of time to perfect appeal. Except where the court has directed that the appeal be perfected by a particular time, the parties may stipulate, or in the alternative an appellant may apply by letter, on notice to all parties, to extend the time to perfect an appeal up to 60 days. Any such stipulation shall be filed with

23

the court. The appellant may thereafter apply by letter, on notice to all parties, to extend the time to perfect by up to an additional 30 days. Any further application for an extension of time to perfect the appeal shall be made by motion.

(c) Respondent's Filing. The respondent on an appeal shall file with the clerk within 30 days of the date of service of the appellant's submissions or, in the First Judicial Department, in accordance with the court's published terms calendar:

> (1) under the full record method, the agreed statement in lieu of record method, or when perfecting on the original record, an original and five hard copies and one digital copy of the respondent's brief, with proof of service of one hard copy of the brief upon each party to the appeal; or

> (2) under the appendix method, an original and five hard copies and one digital copy of the respondent's brief and appendix, if any, with proof of service of one hard copy of the brief and appendix, if any, upon each party to the appeal.

(d) Appellant's Reply. The appellant shall file with the clerk an original, five hard copies and one digital copy of the appellant's reply brief, with proof of service of one hard copy of the brief upon each party to the matter, within 10 days of the date of service of the respondent's submissions or, in the First Judicial Department, in accordance with the court's published terms calendar.

(e) Pro se or unrepresented parties shall be exempt from the requirement of the filing of a digital copy of any brief or other document.

(f) Cross Appeals; Concurrent Appeals from Single Order or Judgment; Consolidation of Appeals from Multiple Orders or Judgments.

> (1) Cross appeals. In a cross appeal:

> > (i) The appealing parties shall consult and make best efforts to stipulate to a briefing schedule. In the First Judicial Department, if the parties fail to stipulate to an alternative briefing schedule, the cause shall be perfected in accordance with the court's published terms calendar, and shall not be governed by the time parameters set forth in subsections (iv) through (vi).

24

(ii) The appealing parties shall file a joint record or joint appendix certified as provided in section 1250.7(g) of this Part and shall share equally the cost of that record or appendix;

(iii) The party that first perfects the appeal shall be denominated the appellant-respondent;

(iv) A respondent-appellant's answering brief shall include the points of argument on the cross appeal and, unless the parties have stipulated otherwise, shall be filed and served within 30 days after service of the first appeal brief;

(v) An appellant-respondent's reply brief shall include the points of argument in response to the cross-appeal and, unless the parties have stipulated otherwise, shall be filed and served within 30 days after service of the answering brief;

(vi) Unless the parties have stipulated otherwise, a respondent-appellant's reply brief, if any, shall be served within 10 days after service of appellant's reply brief.

(2) Concurrent appeals from a single order or judgment. In concurrent appeals, the appellants shall perfect the appeals together, without motion, in the period measured from the date of the latest notice of appeal. The appellants shall file a joint record or joint appendix certified as provided in section 1250.7(g) of this Part and shall share equally the cost of that record or appendix.

(3) Appeals from multiple orders or judgments. When an appellant takes appeals from multiple orders and judgments arising out of the same action or proceeding, the appellant may perfect the appeals together, without motion and upon a single record or appendix, provided that each appeal is perfected in a timely manner pursuant to this Part.

(4) Absent an order of the court, appeals from orders or judgments in separate actions or proceedings cannot be consolidated but may, upon written request of a party, be scheduled by the court to be heard together on the same day.

(g) Extensions of Time to File and Serve Responsive Briefs.  Except where the court has directed that answering or reply briefs be served and filed by a particular time, an extension of time to serve and file such briefs may be obtained as follows:

> (1) By initial stipulation or application.  The parties may stipulate or a party may apply by letter on notice to all parties to extend the time to file and serve an answering brief by up to 30 days, and to file a reply brief by up to 10 days.  Not more than two such stipulations or applications shall be permitted.  A stipulation shall not be effective unless promptly filed with the court.  Any further application shall be made by motion.  In the First Judicial Department, extensions by stipulation shall be filed by a date set forth in the court's published terms calendar, and shall put a matter over to any later term other than the June Term.

> (2) By motion.  A party may move to extend the time to file and serve a brief.

(h) Leave to File Oversized Brief.  An application for permission to file an oversized brief shall be made to the clerk by letter stating the number of words or pages by which the brief exceeds the limits set forth in this section and the reasons why submission of an oversized brief is necessary.  The letter shall be accompanied by a copy of the proposed brief and printing specifications statement.

(i) Constitutionality of State Statute.  Where the constitutionality of a statute of the State is involved in a matter in which the State is not a party, the party raising the issue shall serve a copy of the brief upon the Attorney General of the State of New York, and file proof of service with the court.  The Attorney General may thereupon intervene in the appeal.

## 1250.10  Dismissal of a Matter

(a) Civil Matters.  In the event that an appellant fails to perfect a civil matter within six months of the date of the notice of appeal, the order of transfer, or the order granting leave to appeal, as extended pursuant to section 1250.9(b) of this Part, the matter shall be deemed dismissed without further order.

(b) Criminal Matters.  The court upon its own motion or the motion of a respondent may dismiss a criminal appeal pursuant to CPL 470.60.

(c) Motion to Vacate Dismissal.  When an appeal or proceeding has been deemed dismissed pursuant to subdivision (a) or by order of the court for failure to perfect, a motion to vacate the dismissal may be made within one year of the date of the dismissal.  In support of the motion, the movant shall submit an affidavit setting forth good cause for vacatur of the dismissal, an intent to perfect the appeal or proceeding within a reasonable time, and sufficient facts to demonstrate a meritorious appeal or proceeding.

## 1250.11  Additional Rules Relating to Criminal Appeals

(a) Poor Person Relief and Assigned Counsel.

(1) Continuation of eligibility for assigned counsel on appeal.  Where a sentencing court has granted a defendant's application for poor person relief on appeal pursuant to CPL 380.55, the Appellate Division may, upon receipt of a properly filed notice of appeal and a copy of the order, assign appellate counsel or provide other relief without the need for further motion or application.

(2) Continuation of assigned counsel in People's appeal.  Unless otherwise ordered by the court, a defendant represented in the superior court by assigned counsel shall continue to be represented by that counsel on an appeal taken by the People.

(b) Application for Certificate Granting Leave to Appeal in a Criminal Matter.

(1) An application for a certificate granting leave to appeal to the Appellate Division shall

(i) be made, in writing, within 30 days after service of the order upon the applicant;

(ii) provide 15 days' notice to the District Attorney;

(iii) be filed with proof of service; and

(iv) be submitted without oral argument.

27

(g) Pro Se Supplemental Briefs in Criminal Appeals Involving Assigned Counsel. When assigned appellate counsel does not file a brief pursuant to *Anders v California*, a defendant wishing to file a pro se supplemental brief shall

> (1) in the First and Second Judicial Departments, move for permission to do so not later than 45 days after the date of mailing to the defendant of a copy of the brief filed by counsel; the affidavit in support of the motion shall briefly set forth the points that the defendant intends to raise in the supplemental brief; or

> (2) in the Third and Fourth Judicial Departments, file the pro se supplemental brief not later than 45 days after the date of mailing to the defendant of a copy of the brief filed by counsel.

(h) Appeal from an Order Concerning a Grand Jury Report.

> (1) The mode, time and manner for perfecting an appeal from an order accepting a report of a grand jury pursuant to CPL 190.85 (1) (a), or from an order sealing a report of a grand jury pursuant to CPL 190.85 (5), shall be in accordance with the provisions of this Part governing appeals in criminal cases.

> (2) An appeal from such an order shall be a preferred cause.

> (3) The record, briefs and other documents on such an appeal shall be sealed and not be available for public inspection except as permitted by CPL 190.85 (3).

## 1250.12   Transferred Proceedings

(a) Transferred CPLR Article 78 Proceedings. Unless otherwise directed by the court, a proceeding commenced pursuant to CPLR article 78 and transferred to the Appellate Division pursuant to CPLR 7804(g) shall be governed in the same manner as an appeal under this Part, with the time to file the petitioner's brief measured from the date of the order of transfer.

(b) Transferred Human Rights Law Proceedings (Executive Law § 298).

(1) A proceeding under the Human Rights Law which is transferred to the Appellate Division for disposition shall be prosecuted upon the original record, which shall include:

> (i) copies of all submissions filed in the Supreme Court;
> (ii) the decision of the Supreme Court, or a statement that no decision was rendered;
> (iii) the order of transfer; and
> (iv) the original record before the State Division of Human Rights, including a copy of the transcript of the public hearing.

(2) In all other respects every proceeding so transferred shall be governed by this Part in the same manner as an appeal, with the time to perfect measured from the date of the order of transfer.

(3) In the event that the original record that was before the State Division of Human Rights was not previously submitted to the Supreme Court, the Division shall file the original record with the Appellate Division within 45 days after entry of, or service upon it of a copy of the order of transfer.

## 1250.13  Original Special Proceedings

(a) Return date.  Unless otherwise required by statute or court directive, original special proceedings commenced in the Appellate Division, including original proceedings pursuant to CPLR article 78, shall be made returnable at 10:00 a.m. on any Monday or on such other days as the court may direct, with a return date not less than 20 days after service of the notice of verified petition and petition on each respondent.

(b) Necessary documents.

> (1) Unless otherwise required by statute, a petitioner shall file the original and a digital copy of the notice of petition or order to show cause, the petition and the filing fee as required by CPLR 8022.

> (2) Proof of service of a hard copy of the notice of petition (or order to show cause) and the petition on each respondent shall be filed not later than 15 days after the applicable statute of limitations has expired (see CPLR 306-b).